UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RADHA GEISMANN, M.D., P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV00615 ERW |
| | ) | |
| BE-THIN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Class Certification [ECF No. 6] and Plaintiff's Motion to Stay Briefing on Plaintiff's Motion for Class Certification [ECF No. 10].

**I.     BACKGROUND**

This case originated in the Circuit Court of St. Louis County.  Defendant Be-Thin, Inc. removed to this Court on April 14, 2015 [ECF No. 1].  When Plaintiff filed her Petition in the Circuit Court of St. Louis County, she simultaneously filed a Motion for Class Certification [ECF No. 5, 6].  Once the case was removed, Plaintiff filed a Motion to Stay Briefing on Plaintiff's Motion for Class Certification requesting the Court hold her Motion for Class Certification in abeyance until after a Rule 16 conference is held and discovery is completed [ECF No. 10].  According to Plaintiff, she needs discovery to develop the facts necessary to certify the class.  Plaintiff states she filed her motion at the same time as filing suit to prevent her case from being deemed moot should Defendants make an offer of settlement under Federal Rule of Civil Procedure ("FRCP") 68 as occurred in *Damasco v. Clearwire Corporation*, 662 F.3d

891 (7th Cir. 2011).  Defendants assert Plaintiff's Motion for Class Certification should be denied with leave to refile once Plaintiff can adequately argue her motion.

## II. DISCUSSION

For a federal court to have Article III jurisdiction over a case, the plaintiff must have a legally cognizable interest or personal stake in the outcome of the case.  *Genesis Healtcare Corp v. Synczyk*, 133 S. Ct. 1523, 1528 (2013).  If the claimant loses a personal stake in the action, the case must be dismissed as moot.  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).  To moot a case by an offer of judgment, the offer must give the plaintiff everything he has requested in his complaint as an individual.  *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012).  This creates a unique situation in the class action context where a defendant can moot a case by offering full judgment with the named plaintiff prior to class certification, avoiding the class action lawsuit.[1]

Circuit courts have split on how to handle such a situation.  Four circuits have held a plaintiff can move to certify a class, without delay, after the offer has been made and avoid mootness because the class certification would relate back to the filing of the complaint.  *See e.g., Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action."); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011) ("Because *Geraghty* informs us that the personal stake of the class inheres prior to certification, we conclude that the federal court's Article III jurisdiction to hear the motion for class certification is not extinguished by the Rule 68 offer of judgment to an individual

---

[1] After class certification, the defendant would need to satisfy the demands of the entire class to moot the case through an offer of judgment.

plaintiff."); *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008) (holding a timely motion for certification relates back to the date the complaint was filed, especially when one of the defendant's first actions is to make a Rule 68 offer of judgment.); and *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) ("Absent undue delay in filing a motion for class certification, therefore, where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.").  The Seventh Circuit has refused to adopt this principle.  *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011).  The Seventh Circuit held "To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."  *Id*. at 896.  Instead, the Seventh Circuit suggests a plaintiff move to certify the class at the same time as the complaint is filed and if the facts have not yet developed for class certification, the plaintiff should ask the court to delay the ruling for additional discovery.  *Id*.

The Eighth Circuit has not directly ruled on this issue.  However, the Eight Circuit has stated judgment against a named plaintiff in a class action should be entered only where class certification has been properly denied and the offer satisfies the entire demand for injuries and costs of the suit.  *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996).  The majority of the district courts in the Eighth Circuit have followed the reasoning of the majority of circuits and have found an offer of judgment does not moot a class action prior to class certification.  *See e.g., Jenkins v. Pech*, 301 F.R.D. 401, 408 n.4 (D. Neb. Aug. 27, 2014) ("even if the offer of judgment did satisfy the plaintiff's entire demand for injuries and costs of litigation, the court is not convinced the Eight Circuit would find the case moot in these

circumstances."); *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 WL 6265070 at *3-4 (E.D.Mo. Dec. 4, 2013) ("The sound rationale behind these cases is that Defendant should not be able to use offers of judgment to thwart class actions."); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, No. 12-2066(DSD/SER), 2013 WL 3771397 at *2 (D. Minn. Jul. 18, 2013) ("To moot the claim of a putative class representative, a Rule 68 offer must provide complete relief for both the individual and class claims."); *Mertz v. Lindell Bank & Trust Co.*, No. 4:10CV2098 HEA, 2012 WL 1080824 at *1 (E.D.Mo. Mar. 30, 2012) ("In this instance, defendant submitted its offer of judgment to plaintiff before filing an answer and before plaintiff could reasonably have been expected to file a motion for class certification. In such cases, it has been held that defendant's offer of judgment does not moot the matter."); *Liles v. Am. Corrective Counseling Services, Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa Jul. 2, 2001) ("Hinging the outcome of this motion on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a "race to pay off" named plaintiffs very early in litigation, before they file motions for class certification.").

This Court is persuaded by the reasoning of the majority of the circuit courts and the majority of the district courts on this issue.  If a defendant makes an offer of judgment pursuant to Rule 68 satisfying all of Plaintiff's demands, Plaintiff will have the opportunity to file a motion for class certification which relates back to the date of filing of the original complaint, avoiding it being deemed moot.  While this Court appreciates Plaintiff's efforts to protect her interests and prevent her claim from being deemed moot, the Court finds her motion to be premature.  There is no suggestion in any of the filings  that any defendant has made an offer of judgment and the facts have not developed enough as to allow for a ruling on class certification.  The Court sees no benefit in allowing a motion to languish on the dockets while waiting for

discovery to proceed which may take several months.[2]  Therefore, Plaintiff's Motion for Class Certification will be dismissed with leave to refile once an offer of judgment has been made necessitating such a filing or when the facts have developed enough to allow for a ruling on class certification.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Class Certification is **DENIED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Briefing on Plaintiff's Motion for Class Certification is **DENIED, as moot**.

So Ordered this 11th day of May, 2015.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] District courts across the country have differed in this approach.  Some have allowed the motion to remain on the docket while others have dismissed with leave to refile.

[3] If a defendant makes an offer of judgment prior to the facts developing allowing for a ruling on the motion, the Court will hold the motion in abeyance until such facts do develop as to allow for a rigorous analysis of class certification.